## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DELMAR CARDONA               \*
612 McIntyre Road            \*
Rockville, Maryland 20851      \*
                                       \*
WILLIAM RAMON ALEGRIA SIGUENZA   \*
12801 Crisfield Road          \*
Silver Spring, Maryland 20906     \*
                                       \*
JUAN BARRERA               \*
4307 Mahan Road            \*
Silver Spring, Maryland 20906     \*
                                       \*
ANDY F. HARRY CARDONA      \*
612 McIntyre Road            \*
Rockville, Maryland 20851      \*
                                       \*
KELSIN ROMON CARDONA RUIZ     \*
12801 Crisfield Road          \*
Silver Spring, Maryland 20906     \*
                                       \*
JUAN GIRON                 \*
13010 Evanston Street         \*
Rockville, Maryland 20853      \*
                                       \*
CARLOS HERRERA            \*
10313 Brunswick Avenue       \*
Silver Spring, Maryland 20902     \*
                                       \*
WILIAN EDUARDO MALDONADO     \*
12022 Judson Road            \*
Silver Spring, Maryland 20902     \*
                                       \*
     PLAINTIFFS,             \*
                                       \*
v.                                 \*      Case No, _18 - 1470_
                                       \*
MID-ATLANTIC DIVERSIFIED      \*
     CONSTRUCTION AND        \*
     CONSULTING, LLC          \*
905 W. 7th Street #209          \*
Frederick, Maryland 21701      \*
                                       \*
     SERVE: JEFFREY N. PRITZKER    \*

<table>
<tr><td>110 West Road, Suite 222<br>Towson, Maryland 21204</td><td>*</td></tr>
<tr><td></td><td>*</td></tr>
<tr><td></td><td>*</td></tr>
<tr><td>GREG TYLER</td><td>*</td></tr>
<tr><td>905 W. 7th Street #209</td><td>*</td></tr>
<tr><td>Frederick, Maryland 21701</td><td>*</td></tr>
<tr><td></td><td>*</td></tr>
<tr><td>DEFENDANTS.</td><td>*</td></tr>
</table>

**********************************************************************************

## COMPLAINT

Plaintiffs Delmar Cardona, William Ramon Alegria Siguenza ("Alegria"), Juan Barrera (Barrera"), Andy F. Harry Cardona ("Andy Cardona"), Kelsin Romon Cardona Ruiz (Cardona Ruiz"), Juan Giron ("Giron"), Carlos Herrera ("Herrera"), Wilian Eduardo Maldonado ("Maldonado") (together, "Plaintiffs"), by and through undersigned counsel, hereby submit this Complaint against Mid-Atlantic Diversified Construction and Consulting, LLC ("Mid-Atlantic") and Greg Tyler ("Tyler") (together, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the District of Columbia Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), the District of Columbia Wage Payment and Collection Law, D.C. Code §§ 32-301 *et seq.* ("DCWPCL"), the Maryland Wage and Hour Law, Md. Code Ann., Lab & Empl. §§ 3-401 *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* ("MWPCL"), and for breach of contract, and quantum meruit as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiffs are adult residents of the State of Maryland.  By participating as named plaintiffs in this action, Plaintiffs consent to prosecute their claims against Defendants under the FLSA.

2.      Mid-Atlantic is a limited liability company formed under the laws of the State of Maryland and doing business in the District of Columbia, the State of Maryland, and the

Commonwealth of Virginia.

3.      Tyler owns and operates Mid-Atlantic.

4.      Plaintiffs were all employed by Defendants to work in a variety of capacities on construction projects in the District of Columbia, the State of Maryland, and the Commonwealth of Virginia.

5.      On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6.      At all times during Plaintiffs' employment, Plaintiffs were employees who, while engaged in employment duties, handled, and otherwise worked on goods and materials (namely tools, construction materials, and other related items) that were moved in or produced for commerce.   Thus, Plaintiffs were individual employees who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

7.      Pursuant to the foregoing, at all times, Defendants were Plaintiffs' "employers" for purposes of the FLSA, DCMWA, DCWPCL, MWHL, and MWPCL.

8.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."   Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391(b).

9.      Defendants are subject to the DCMWA because Plaintiffs spent more than 50% of their time working in the District of Columbia.

## FACTS

10.  Tyler owned and operated Mid-Atlantic throughout Plaintiffs' employment. Throughout Plaintiffs' employment, Tyler:

a.  Had the power to hire, fire, suspend, and otherwise discipline Plaintiffs;

b.  Had the power to supervise Plaintiffs' work duties to ensure their work was of sufficient quality;

c.  Set and controlled Plaintiffs' work schedules or had the power to set and control Plaintiffs' work schedules;

d.  Set and determined or had the power to set and determine Plaintiffs' rates and methods of pay; and

e.  Controlled, and was in charge of, Mid-Atlantic's day-to-day operations.

11.  Delmar Cardona worked for Defendants from roughly May 2015 until roughly February 7, 2018. For the period relevant to this case, Delmar Cardona's regular rate of pay was $36.75 per hour.

12.  William Ramon Alegria Siguenza worked for Defendants from roughly November 2017 until roughly February 7, 2018. For the period relevant to this case, Plaintiff Alegria's regular rate of pay was $27.00 per hour.

13.  Juan Barrera began working for Defendants in roughly June 2017. For the period relevant to this case, Plaintiff Barrera's regular rate of pay was $27.00 per hour.

14.  Andy F. Harry Cardona worked for Defendants from roughly June 2017 until roughly February 17, 2018. For the period relevant to this case, Plaintiff Andy Cardona's regular rate of pay was $30.00 per hour.

15.  Kelsin Romon Cardona Ruiz worked for Defendants from roughly November 2017

until roughly February 7, 2018. For the period relevant to this case, Plaintiff Cardona Ruiz' regular rate of pay was $26.00 per hour.

16.     Juan Giron worked for Defendants from roughly November 2015 until roughly February 7, 2018. For the period relevant to this case, Plaintiff Giron's regular rate of pay was $30.00 per hour.

17.     Carlos Herrera worked for Defendants from roughly August 2017 until roughly February 7, 2018. For the period relevant to this case, Plaintiff Herrera's regular hourly rate of pay was $30.00 per hour.

18.     Wilian Eduardo Maldonado worked for Defendants from roughly August 2017 until roughly February 2, 2018. For the period relevant to this case, Plaintiff Maldonado's regular rate of pay was $18.00 per hour.

19.     Plaintiffs worked more than 40 hours per week in virtually every week of their employment.

20.     Plaintiffs' primary work duties did not qualify for any exemption under the FLSA, DCMWA, DCWPCA, MWHL, or the MWPCL.

21.     Prior to 2018, Defendants generally paid Plaintiffs correctly.

22.     For the week ending on January 26, 2018, Defendants only paid Plaintiffs for 40 hours, even though each of the Plaintiffs worked more than 40 hours during that week.

23.     For the week ending on February 9, 2018, Defendants failed to pay Plaintiffs anything at all for any of the hours Plaintiffs worked that week.

24.     Plaintiffs made repeated requests for payment of their wages. Plaintiffs' requests for payment were initially met with promises of payment. Eventually, Defendants told Plaintiffs that they would not be paid for these hours.

25.    Defendants' failure and refusal to pay Plaintiffs the wages they rightfully earned as required by the FLSA, DCMWA, DCWPCA, MWHL, and MWPCL, including overtime at one-and-one-half times Plaintiffs' regular rates, was willful and intentional, was not in good faith, and was not the result of any *bona fide* dispute.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Minimum Wage and Overtime)

26.    Plaintiffs re-allege and re-assert each and every allegation set forth above as if each was set forth herein.

27.    The FLSA mandates that an employer must pay employees at a rate equal to or exceeding the federal minimum wage of $7.25 per hour.

28.    The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

29.    At all times, Plaintiffs were "employees" covered by § 207(a)(1) of the FLSA and Defendants were Plaintiffs' "employers" under § 207(a)(2) of the FLSA.

30.    Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rates for all overtime hours Plaintiffs worked.

31.    As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work the regular and overtime hours for which Plaintiffs were not compensated.

32.    As set forth above, Defendants failed and refused to pay Plaintiffs one-and-one-half times (1.5x) their regular rates for all of the overtime hours they worked.

33.    As set forth above, Defendants failed and refused to pay Plaintiffs at a rate equal to or exceeding the FLSA mandated minimum wage for all of the regular hours Plaintiffs worked.

34.    Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Minimum Wage and Overtime)

35.    Plaintiffs re-allege and re-assert each and every allegation set forth above as if each was set forth herein.

36.    Plaintiffs were Defendants' "employees" and Defendants were Plaintiffs' "employers" within the meaning of the DCMWA.

37.    Defendants, as Plaintiffs' employers under the DCMWA, were obligated to compensate Plaintiffs at a rate equal to or exceeding the minimum wage set by the DCMWA.

38.    Defendants, as Plaintiffs' employers under the DCMWA, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regulare rates of pay for all hours worked per week in excess of forty (40) ("overtime hours").

39.    As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work the regular and overtime hours for which Plaintiffs were not compensated.

40.    As set forth above, Defendants failed and refused to pay Plaintiffs at a rate equal to or exceeding the DC minimum wage for all of the regular hours Plaintiffs worked.

41.     As set forth above, Defendants failed and refused to pay Plaintiffs at the rate of one-and-one-half times (1.5x) their regular rates for all of the overtime hours Plaintiffs worked.

42.     Defendants' failure and refusal to pay Plaintiffs as required by the DCMWA was willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of D.C. Wage Payment and Collection Act
### (Unpaid Wages)

43.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each was set forth herein.

44.     Under the DCWPCA, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

45.     "Wages" pursuant to the DCWPCA, "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other renumeration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law." D.C. Code § 32-1301(3).

46.     Plaintiffs performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff all wages earned and required by Federal and District of Columbia law.

47.     Defendants owe Plaintiffs wages for work duties performed as set forth above.

48.     Defendants' failure and refusal to pay Plaintiffs wages as set forth above constitutes

a violation of Plaintiffs' right to receive wages as guaranteed by the DCWPCA.

49.     Defendants' failure and refusal to pay Plaintiffs all wages earned, owed, and required by Federal and District of Columbia law was knowing, willful and intentional, and was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count III, for all unpaid wages in an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

**COUNT IV**
**Violation of the Maryland Wage and Hour Law**
**(Minimum Wage and Overtime)**

50.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each was set forth herein.

51.     Plaintiffs were "employees" and Defendants were "employers" within the meaning of the MWHL.

52.     As Plaintiffs' employers under the MWHL, Defendants were obligated to pay Plaintiffs at a rate equal to or exceeding the Maryland minimum wage for all of the regular hours Plaintiffs worked.

53.     As Plaintiffs' employers under the MWHL, Defendants were obligated to pay Plaintiffs one-and-one-half times (1.5x) their regular hourly rates of pay for all of the hours Plaintiffs worked in excess of forty (40) per week ("overtime hours").

54.     Under the MWHL, "each employer shall pay: (1) to each employee who is subject to both the federal Act and this subtitle, at least the greater of: (i) the minimum wage for that

9

employee under the federal ACtl or (ii) the State minimum wage rate set under subsection (c) of this section." Md. Code Ann., Lab. & Empl. § 3-413(b).

55.     The Maryland minimum wage, as set by the MWHL, is $9.25 per hour. Md. Code Ann. § 3-413(c).

56.     As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work the regular and overtime hours for which Plaintiffs were not compensated.

57.     As et forth above, Defendants failed and refused to pay Plaintiffs at a rate equal to or exceeding the Maryland minimum wage for all of the regular hours Plaintiffs worked.

58.     As set forth above, Defendants failed and refused to pay Plaintiffs at the rate of one-and-one-half times (1.5x) their regular rates for all of the overtime hours Plaintiffs worked.

59.     As set forth above, Defendants had actual or constructive knowledge of all hours Plaintiffs worked, including overtime hours. Nevertheless, Defendants willingly and knowingly paid Plaintiffs a straight time rate for overtime hours instead of the overtime rate as required under the MWHL.

WHEREFORE, Defendants are liable to Plaintiffs under Count IV for all unpaid wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT V
### Violation of the Maryland Wage Payment and Collection Law
### (Unpaid Wages)

60.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each was set forth herein.

61.     Plaintiffs were Defendants' "employees" pursuant to the MWPCL. Md. Code

Ann., Lab. & Empl. §§ 3-501, 3-502.

62.     Defendants were Plaintiffs' "employers" pursuant to the MWPCL.  Md. Code Ann., Lab. & Empl. §§ 3-501, 3-502.

63.     As Plaintiffs' employers, Defendants were obligated to pay Plaintiffs all wages due for the work they performed, including their minimum wages and overtime wages.

64.     As detailed above, Defendants failed to compensate Plaintiffs for minimum wages and overtime wages owed.

65.     Defendants' failure and refusal to pay minimum wages and overtime wages due to Plaintiffs was not the result of any *bona fide* dispute.

WHEREFORE, Defendants are liable to Plaintiffs under Count V for three times (3x) the amount of all unpaid wages that Defendants failed to pay Plaintiffs, for attorney's fees, costs, and expenses of this action incurred as a result of Defendants' failure to pay Plaintiffs what was legally owed to them, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems proper.

## COUNT VI
### Breach of Contract

66.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each was set forth herein.

67.     Plaintiffs worked for Defendants under oral contracts, the terms of which stated that Plaintiffs would perform work for Defendants in consideration for which Defendants would pay Plaintiffs at a regular hourly rate for their first forty (40) hours each week and one-and-one-half times (1.5x) their regular hourly rates for the hours they worked in excess of forty (40) each week ("overtime").

68.     Defendants failed and refused, without excuse or justification, to pay Plaintiffs in

accordance with their agreements in January and February 2018.

69.     Defendants now owe Plaintiffs their unpaid regular and overtime wages which Defendants had agreed to pay

WHEREFORE, Defendants are liable to Plaintiffs for the unpaid wages to which they are contractually entitled, interest (both pre- and post-judgment), and any other and further relief this Court deems appropriate.

**COUNT VII**
**Quantum Meruit**

70.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each was set forth herein.

71.     In the alternative to the above Count for breach of contract, should it be determined that Defendants did not have a valid and enforceable contract with any of the Plaintiffs for payment of employment compensation, or that Plaintiffs are not entitled to relief against Defendants for breach of contract, Plaintiffs performed services for Defendants' benefit under circumstances in which Plaintiffs reasonably expected to be fairly and reasonably compensated by Defendants for all services rendered.

72.     It would be unfair and inequitable for Defendants to receive the value of Plaintiffs' services without paying Plaintiffs full and reasonable compensation therefor.

WHEREFORE, Defendants are liable to Plaintiffs for the value of the services Plaintiffs performed for Defendants, in such amount as is proven at trial, plus interest (both pre- and post-judgment), and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Anthony G. Bizien
Bar Number MD0051
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com
abizien@zagfirm.com

*Counsel for Plaintiffs*